**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

**SHENG SHENXIA,**

                        **Plaintiff,**

           **-against-**

**NEW YORK CITY DEPARTMENT OF**
**HOMELESS SERVICES,**

                   **Defendant.**

---------------------------------------------------------- x

          **1: 24-CV-5082 (ALC)**

          <u>**ORDER OF SERVICE**</u>

**ANDREW L. CARTER, JR., United States District Judge:**

       Plaintiff, who is appearing *pro se*, brings this action alleging that Defendant violated his Fourth Amendment rights. By order dated July 10, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**STANDARD OF REVIEW**

       The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**DISCUSSION**

**A.    Claims against the New York City Department of Homeless Services**

Plaintiff's claims against the New York City Department of Homeless Services ("DHS") must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

**B.    Federal Rule of Civil Procedure 21**

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court directs the Clerk of Court to amend the caption of this action to replace DHS with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

In addition, Plaintiff alleges that four DHS employees unlawfully entered his room without permission, conducted searches, and took property. (ECF No. 1). The Clerk of Court is directed, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to add "DHS Employees John or Jane Doe 1–4" as Defendants. This amendment is without prejudice to any defenses that these Defendants may wish to assert once they have been identified.

**C.    Service on the City of New York**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court must so order [the Marshals Service to serve] if the plaintiff is authorized to proceed in forma pauperis.").

To allow Plaintiff to effect service on Defendant the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue. If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## D.    Unidentified DHS employees

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff appears to supply sufficient information to permit DHS to identify the employees who, beginning on January 4, 2024, allegedly entered his room without permission. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of DHS, must ascertain the identity of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the

3

defendants may be served. The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John or Jane Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John or Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Homeless Services. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add as Defendants, under Fed. R. Civ. P. 21: (1) the City of New York; and (2) "DHS Employees John or Jane Doe 1-4."

The Clerk of Court is instructed to issue a summons for the City of New York, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to: (1) mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, N.Y. 10007; and (2) mail an information package to Plaintiff.

Plaintiff may consent to receive court documents electronically. The consent to electronic service form and instructions on the email service are both available on the Court's website at https://nysd.uscourts.gov/.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

**Dated:  October 23, 2024**
          **New York, New York**

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**

## SERVICE ADDRESS FOR DEFENDANT

City of New York
100 Church Street
New York, N.Y. 10007