**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SHENG SHENXIA,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**CITY OF NEW YORK, et al.,**<br><br>**Defendants.** | **1:24-cv-05082 (ALC)**<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Sheng Shenxia is proceeding *pro se* in this action. Before the Court is Plaintiff's motion to clarify the March 2, 2026 Opinion & Order, and to certify certain questions for interlocutory appeal under 28 U.S.C. §1292(b), or, in the alternative, for limited reconsideration. ECF No. 75. Also pending before the Court is Plaintiff's most recent motion for a preliminary injunction. ECF No. 92. For the reasons set forth below, Plaintiff's motions are **DENIED**.

## BACKGROUND

The Court has previously detailed the factual and procedural history in this case and only includes additional background to the extent it is relevant to this motion. *See* ECF No. 75. On March 2, 2026, this Court issued an Order & Opinion denying four separate motions for preliminary injunctions filed by Plaintiff. *See id*. Further, The Court "note[d] that Plaintiff has made multiple applications that fall outside the cope of Plaintiff's allegations in this matter and direct[ed] Plaintiff to refrain from filing further applications that are not relevant to the scope of this matter." *Id*. at 9. On March 30, 2026, Plaintiff filed a notice of interlocutory appeal with the U.S. Court of Appeals. *See* ECF No. 76. That same day, Plaintiff filed a Third Amended

Complaint. *See* ECF No. 78. That same day, Plaintiff filed a motion to clarify the March 2 Opinion & Order, to certify certain questions for interlocutory appeal, or in the alternative, for limited reconsideration. *See* ECF No. 77. Specifically, Plaintiff moves for an order (1) clarifying the Court's March 2, 2026 Opinions & Order, ECF No. 75, to identify with specificity which prior applications the Court deemed to fall outside the scope of this action; (2) certifying the controlling legal questions set forth below for interlocutory appeal under 28 U.S.C. § 1292(b); (3) alternatively reconsidering and modifying the portion of the March 2, 2026 order stating that Plaintiff shall have one last opportunity to amend and permitting Defendants to move to dismiss before the Court clarifies, narrows, severs, or drops plainly improper, misjoined, non-usable, or insufficiently identified parties and claims; and (4) staying the deadline for Defendants' anticipated motion to dismiss the Third Amended Complaint ("TAC") pending resolution of this motion. ECF No. 77. Defendants responded to this motion on April 28, 2026. *See* ECF No. 83. On May 14, 2026, Defendants filed their motion to dismiss along with an accompanying memorandum of law in support. *See* ECF No. 84, 86. On July 2, 2026, Plaintiff filed an emergency motion for a temporary restraining order, a preliminary injunction, and an order "directing Defendant City to immediately restore safe electrical service, ensure safe cooling, and provide safe housing placement." *See* ECF No. 92. Plaintiff also filed multiple declarations in support of this request. *See* ECF Nos. 90, 91, 93, 94. On July 7, 2026, the Court denied Plaintiff's request for a temporary restraining order and ordered Defendants to respond to the requested injunctive relief. *See* ECF No. 95. Defendants thereafter filed a letter response in opposition to Plaintiff's motion for a preliminary injunction. *See* ECF No. 96. On September 23, 2026, the Court of Appeals for the Second Circuit dismissed Plaintiff's appeal. *See* ECF No. 104 (Mandate of USCA).

## DISCUSSION

### I. Plaintiff's Motion for Clarification is Denied

"No Federal Rule of Civil Procedure specifically governs motions for clarification." *Honeybee Robotics LLC v. Ensign-Bickford Aerospace & Def. Co.*, No. 24-CV-2426 (JPO), 2026 WL 82452, at *2 (S.D.N.Y. Jan. 12, 2026) (citation omitted). Different from a motion for reconsideration, "a motion for clarification is not intended to alter to change a court's order, but merely to resolve alleged ambiguities in the order." *Id*. (internal quotations and citation omitted). "Clarification is not warranted unless a decision is unclear or ambiguous." *Id*. (citation omitted).

Plaintiff argues that the "March 2, 2026 Order states that Plaintiff made multiple applications falling outside the scope of the allegations in this matter, but it does not identify which applications those were." ECF No. 77 at 2. As such, Plaintiff "requests a specific list of the relevant ECF numbers and a brief explanation of why each was considered outside the scope of this action." *Id*. Defendants provide that "[t]he Court's March 2, 2026 Order clearly identifies the claims asserted in the Second Amended Complaint along with enumerating plaintiff's five applications for preliminary injunctive relief under the section titled 'Procedural History.'" ECF No. 83 at 2. Defendants further argue that "the Order explains in detail as to why each of plaintiff's five requests for preliminary injunctive relief must be denied." *Id*.

The prior order was not ambiguous, so the Court denies the motion for clarification, but given Plaintiff's status as a *pro se* litigant, the Court will provide further explanation. First, the Court notes that following the issuance of the March 2 Order, Plaintiff filed a TAC that substantially expanded the scope of the case by bringing claims arising from incidents that allegedly took place from November 2023 to September 2024 and naming more than fifty-nine

(59) defendants. *See* ECF No. 82. However, this TAC was not before the Court when considering the prior applications for relief in the March 2 Order. This case was originally commenced against one defendant, the New York City Department of Homeless Services, alleging an improper search on a handful of dates within Plaintiff's unit in a shelter. The scope has continued to expand with Plaintiff's numerous amended complaints.

The Court now addresses each of the relevant applications for injunctive relief considered in the March 2 Order and whether each is outside the scope of the allegations brought in this case. First, the Court discussed Plaintiff's first motion for a preliminary injunction, asking for an order enjoining Defendants from "conducting warrantless and nonconsensual searches of private shelter rooms" and ordering them to revoke the administrative rules or other policies permitting such searches. *See* ECF No. 30. While this request does fall within the scope of allegations brought in this case, the Court ultimately denied this request because Plaintiff lacked standing to request such an injunction to revoke Defendants' administrative rules and other polices permitting searches in shelters given Plaintiff no longer resides there.

The remaining applications fall outside the scope of this matter as they do not relate to the allegations in the amended complaint before the Court at the time. Plaintiff's second request for a preliminary injunction was filed on July 2, 2025 at ECF No. 35. In this request for relief, Plaintiff brought new allegations that Defendants illegally terminated his housing benefits and public assistance without due process of law, violating his fundamental rights to property and housing. *See id*. at 1. As such, Plaintiff asked for an order compelling Defendants to immediately issue FHEPS assistance to prevent imminent homelessness. Although Plaintiff categorically uses the term "Defendants," in essence, this request asked this Court to vacate a Civil Housing Court Order and supply him with housing benefits through FHEPS. Plaintiff's third request for

preliminary injunctive relief was filed on November 19, 2025 at ECF No. 51. In this request, Plaintiff claims New York City Department of Education failed to provide school transportation for more than a month, failed to complete the IEP evaluation for more than six months, has repeatedly refused to respond to Plaintiff's requests for services, and has failed to ever provide any written explanation or progress update." ECF No. 51 at 1. Thus, Plaintiff asked the Court for an order compelling the DOE to provide immediate school bus transportation, complete all IEP evaluations within 7 days, complete an IEP meeting within 10 days, and provide interim special education services. *Id*. at 1. Plaintiff's fourth request for preliminary injunctive relief was filed on December 5, 225 at ECF No. 56. This request brought various new allegations relating to the Plaintiff's child and not receiving certain educational services and sought court intervention to order Defendants cease retaliation and provide the multiple educational services and evaluations requested. These requests all fall outside the scope of the allegations in the Second Amended Complaint. Indeed, the third and fourth requests even involve allegations against the Department of Education who was not even a named defendant in Plaintiff's Second Amended Complaint. Neither do these requests relate to Plaintiff's claims that while in the shelter, he and his family were subjected repeatedly to unlawful searches, seizures, harassment, and discriminatory conduct.

In the argument section discussing clarification, Plaintiff also argues that "Rule 21 provides that misjoinder of parties is not a ground for dismissing an action." ECF No 77 at 2. The Court notes that its March 2, 2026 Opinion & Order did not dismiss this action but only dismissed Plaintiff's requests for preliminary injunctive relief.

## II. Plaintiff's Motion for Certification for Interlocutory Appeal is Denied

28 U.S.C. § 1292(b) provides that a district court may certify an interlocutory appeal from a civil order not otherwise appealable where the Court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." For the reasons stated in the March 2, 2026 Opinion & Order, the Court finds that Plaintiff has not met the aforementioned high burden.[1] The Court does not find that there is substantial ground for difference of opinion concerning the Court's prior order. In addition, Plaintiff has filed a Third Amended Complaint, adding new claims and parties. Thus, an appellate decision on the prior order will not advance the termination of the litigation. Accordingly, the request is **DENIED**.

## III. Plaintiff's Motion for Reconsideration or Modification is Denied

Plaintiff asks "[i]f the Court declines certification, Plaintiff respectfully requests limited reconsideration or modification of the March 2, 2026 Order." ECF No. 77 at 4. First, "Plaintiff requests that the phrase one last opportunity to [to amend] be removed or modified because Plaintiff is pro se, indigent, and has expressly asked the Court to narrow parties and claims under Rules 20 and 21 if the Court believes the pleading s overinclusive." Second, "Plaintiff requests that before Defendants move to dismiss, the Court first consider whether plainly improper, misjoined, non-suable, or insufficiently identified defendants and claims should be dropped, severed, substituted, or dismissed without prejudice."

[1] In any event, Plaintiff's appeal has since been dismissed. *See* ECF No. 104.

Local Rule 6.3 provides the standard for a motion for reconsideration. This District has repeatedly stated that "[a] motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal quotation marks and citations omitted). "The standard for granting a motion for reconsideration is strict." *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 445 (S.D.N.Y. 2017). "A motion for reconsideration should be granted only when [the movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted).

Plaintiff has not identified any controlling issues of fact or law to which the Court has overlooked. As such, Plaintiff's motion for reconsideration is **DENIED.** The Court also declines to modify its order that Plaintiff be given one last opportunity to amend his complaint. Plaintiff has already had three opportunities to amend his complaint, and each amendment has led to a significant expansion of the claims brought and parties named as defendants. Plaintiff has also submitted additional requests to amend that were not granted and filed amended complaints without leave of court in other instances. Despite this case commencing on July 3, 2024, Defendants did not file their motion to dismiss until May 14, 2026 given the numerous filings and amendments in this case. Accordingly, Plaintiff's motion for modification is **DENIED**. As Defendants have already filed their motion to dismiss and Plaintiff has filed his opposition brief, Plaintiff's request to narrow defendants and claims in the Third Amended Complaint is

**DENIED.** The Court will continue to afford deference to Plaintiff's pleadings given Plaintiff's *pro se* status.

### IV. Plaintiff's Motion for a Preliminary Injunction is Denied

More recently, Plaintiff filed a new request for preliminary injunctive relief. *See* ECF No. 92. Plaintiff seeks injunctive relief to "stop the current life-safety danger: unsafe electricity, unsafe cooling, overcrowded and unsafe housing, and agency delay during an extreme heat emergency affecting an infant and disable children." *Id*. Specifically, Plaintiff requests the Court issue an order "directing [d]efendant City of New York, through HPD, HRA, DHS, NYCHA, NYC Emergency management, Homebase/SUS, and all responsible City agencies or contractors, to immediately restore safe and adequate electrical service, ensure safe air-conditioning operation without extension-cord fire hazards, and provide immediate emergency safe housing placement for [p]laintiff's family." Defendants argue this fifth motion "for preliminary injunctive relief is once again outside the scope of this lawsuit, which pertains to plaintiff's allegations that his constitutional rights were violated when he resided in a shelter unit at 52 William Street, and should be denied for being in direct violation of the Court's March 2, 2026 Order." ECF No. 92 at 2. In any event, the Court addresses this motion substantively.

"A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990). A preliminary injunction is "an extraordinary and drastic remedy, one that should

not be granted unless the movant, by a clear showing, carries the burden of persuasion." *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). Further, "[c]ourts must afford *pro se* plaintiffs 'special solicitude'" in reviewing their filings. *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir.1994)). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Construing Plaintiff's request for injunctive relief liberally, Plaintiff fails to meet his burden necessary for the extraordinary relief of issuing a preliminary injunction. As an initial matter, Defendants argue Plaintiff does not have standing for this preliminary injunctive relief claim as such claim is based on "mere allegations" and unsupported be evidence, failing to establish the elements of standing." ECF No. 96 at 2.

Standing "is a federal jurisdictional question 'determining the power of the court to entertain the suit," and thus is a threshold matter. *See Carver v. City of New York*, 621 F.3d 221, 225 (2d Cir. 2010) (internal quotations and references omitted). "Thus, in order to seek injunctive relief, a plaintiff must show the three familiar elements of standing: injury in fact, causation, and redressability." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011). To establish standing for a preliminary injunction, "a plaintiff cannot rest on … mere allegations … but must set forth by affidavit or other evidence specific facts" that establish the elements of standing. *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 78 (2d Cir. 2021).

Plaintiff has not clearly demonstrated standing here. First, Plaintiff does not establish that Defendants are the ones who caused the alleged injury here. Further, Defendants correctly put forth

that Plaintiff "has failed [to] make any showing that the harm alleged by plaintiff could in any way be redressed by the defendant City when from plaintiff's own motion it is clear that this appears to be a landlord-tenant issue and completely unrelated to defendant City or the claims in this matter." ECF No. 96 at 2. As such, Plaintiff's motion for a preliminary injunction is hereby **DENIED**.

## CONCLUSION

For all of the above-stated reasons, Plaintiff's motions are hereby **DENIED**. The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 77.

**SO ORDERED.**

**Dated: September 29, 2026**

**New York, New York**

**ANDREW L. CARTER, JR.**

**United States District Judge**